BOUTALL, Judge.
This is an appeal by a husband seeking to reverse a judgment granting permanent custody of the minor children to his wife when judgment of divorce was granted in his favor on the grounds of adultery of the wife.
It is necessary to relate the procedural aspects of this case. On December 7, 1972, Diane Waguespack LeGrand filed suit for separation from bed and board from her husband, allotted to Div. “E” of the Court, which among other things asked for custody of the children. An ex-parte order of temporary custody was granted. The next day, December 8th, Jacques (also spelled Jaques in the record) Pierre LeGrand filed suit for divorce from his wife on the grounds of adultery and for custody of the minor children, allotted to Div. “F” of the Court. Shortly thereafter, Mr. LeGrand filed an answer and reconventional demand in his wife’s suit also seeking a divorce on the grounds of adultery and custody of the minor children. A rule for temporary custody was tried in the divorce suit, (Div. “F”) and the trial judge granted temporary custody to Mr. LeGrand. The rule was heard and a verbal judgment was apparently rendered. The judgment was not signed until March 13, 1973. On December 21, 1972 Mrs. LeGrand filed an answer to the divorce suit and on that date the judge of Div. “F”, who had heard the custody rule, transferred the divorce suit, in accordance with the court rules, to the judge of Div. “E”, the separation suit having been filed first, and the cases were *57 consolidated in Div. “E”. The parties then agreed and stipulated that Mrs. LeGrand would dismiss her suit for separation, and Mr. LeGrand would dismiss his reconven-tional demand in that suit, and that the matter of custody would be litigated entirely in the divorce suit. Thus, on March 20, 1973, the divorce suit and the question of custody came for trial before the judge who had not tried the custody rule.
In making the ruling appealed from, the trial judge found that the wife had committed adultery on four different occasions. Accordingly he granted a judgment of divorce in favor of the husband. At the same time, however, he concluded that these isolated acts of adultery with one man, without the knowledge of the children, were insufficient of themselves to require him to deprive the mother of the preference she is given for custody of very young children, (Jacque, Jr., 6; Christine, 4; Nicole, 2). In a detailed and well reasoned judgment, he concluded that the procedural posture of the case, along with the stipulation, did not place this case under the rationale of the third legal principle of custody as stated in the case of Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972):
“ ‘(3) When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any -time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed. * * * ’ ”
He treated the matter as requiring him to decide the case on the facts presented him in that hearing, without regard to what had transpired in the temporary custody rule before the other judge, the evidence of which he had no knowledge. After discussing the applicable law and the evidence in detail, the judge declared that he was very impressed with the sincerity of Mrs. LeGrand in wanting her children and that her conduct since the separation had apparently been excellent. He concluded that the facts in this case were similar to those in the case of Daigle v. Daigle, 222 So.2d 318 (La.App. 1st Cir. 1969) quoting with approbation the following from page 323:
“The trial judge concluded that the mother was capable of caring for the children and ‘straightening out her life’ if she desired to do so, ‘at which time she could be granted the custody of said children’. We believe she should be given the opportunity now while they are so young.”
We agree with the conclusion of the trial judge. The record does not reflect that the decree of temporary custody was considered by the parties or by the court as anything other than a prelude to the final contest which was to come along with the divorce hearing on the merits. Along with the procedural agreements of the parties, we note there was no contest over the facts of adultery, which were readily admitted by the wife. It is thus apparent that the parties chose this divorce hearing as the vehicle for a considered decree of permanent custody, and the mother was not required to bear the so-called “double burden”.
Instead, we follow the rationale of the holding in Estes, supra. We are not aware of the evidence presented on the temporary custody rule for it is not in the record. Suffice it to say that variant circumstances and variant evidence can well lead to different results each of which can be justified. There is appeal here only from the judgment of permanent custody and our responsibility is as stated in Estes v. Estes at 258 So.2d 860:
“[3] Further, an appellate court must give great weight to the trial court’s considered determination of custody. If the trial court decides which parent should best have custody for the children’s sake *58 after it has applied correct principles of law, a reviewing court should disturb such custody determination only where there is a clear abuse of the trial court’s discretion in the matter, even though reasonable minds might differ as to the children’s best interest under the variant circumstances suggested by a particular record.”
The record reflects that the matter was brought to the judge of Div. “E” for an adjudication of the question for custody, and he conducted a full and complete hearing with numerous witnesses which lasted well into the night. Without relating in great detail the evidence, the record reflects that Mrs. LeGrand and her husband had had numerous quarrels, and as she testified, when she met a man who was kind to her, she mistakenly committed adultery with him. It is apparent that she realized this mistake, and perhaps had realized it earlier, on the night that her adulterous relationship was exposed. The trial judge analyzed the evidence concerning her care of the children and of the household in general, and concluded that she had always been a good mother and a good housewife. Basically, the only serious conflict in testimony in the case is the testimony of the wife as opposed to the husband on these issues. The trial judge remarked that he was impressed by the sincerity of Mrs. LeGrand and resolved these conflicts in her favor. Similarly, we feel that the preponderance of evidence supports such a conclusion.
Finding no error of law or fact in the judgment of the trial court, we are of the opinion that the judgment appealed from should be affirmed.
Affirmed.